IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:16-CR-00120-ALM-AGD |
| | § | |
| STETSON GAINES (1) | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Now before the court is the request for revocation of Defendant Stetson Gaines' ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on June 4, 2024, to determine whether Defendant violated his supervised release. Defendant was represented by Michael Pannitto of the Federal Public Defender's Office. The Government was represented by Anand Varadarajan.

Defendant was sentenced on August 4, 2017, before The Honorable Marcia A. Crone of the Eastern District of Texas after pleading guilty to the offense of Conspiracy to Steal Firearms, a Class D felony. This offense carried a statutory maximum imprisonment term of 5 years. Defendant was subsequently sentenced to 60-months imprisonment followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include restitution in the amount of $28,106, financial disclosure, credit restrictions, gambling restrictions, substance abuse treatment and testing, mental health treatment, acquire GED certificate, and a $100 special assessment. On July 30, 2021, Defendant completed his period of imprisonment and began service of the supervision term. (Dkt. #110 at p. 1, Sealed). On February 22, 2024, this case was reassigned to The Honorable Amos L. Mazzant, III.

On February 29, 2024, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. #106, Sealed). The Petition asserts that

Defendant violated two (2) conditions of supervision, as follows: (1) <u>Special Condition</u> Defendant must pay any financial penalty that is imposed by the judgment; and (2) <u>Special Condition</u> Defendant must not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the court has been paid in full. (Dkt. #106 at pp. 1–2, Sealed).

The Petition alleges that Defendant committed the following acts: (1) Defendant was ordered to pay $28,106.00 in restitution at the rate of at least 10% of his gross income per month.[1] Defendant failed to make a payment toward his restitution for the following months: October and November 2021; January through December 2022; January, February, and May through December 2023; and January 2024. A balance of $22,527.35 remains outstanding; and (2) According to a credit report received on January 8, 2024, Defendant opened several new lines of credit as follows: Credit Acceptance Co., on January 8, 2022, and at the time of the report, the balance was $0; Self/Southstate Bank on October 4, 2022, and at the time of the report, the balance was $358; Security Finance on July 18, 2023, and at the time of the report, the balance was $531; Self/Southstate Bank on July 21, 2023, and at the time of the report, the balance was $142; Westlake Service Inc., on July 17, 2023, and at the time of the report, the balance was $19,125. Defendant did not have permission from the U.S. Probation Officer to establish these lines of credit or incur new credit. (Dkt. #106 at pp. 1–2, Sealed).

Prior to the Government putting on its case at the final revocation hearing, Defendant entered a plea of true to allegations 1 and 2 of the Petition. Having considered the Petition and the plea of true to allegations 1 and 2, the court finds that Defendant did violate his conditions of supervised release.

---

[1] The Petition incorrectly alleges the restitution amount as $28,206.00.

REPORT AND RECOMMENDATION – Page 2

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of one (1) day, with a 2-year term of supervised release to follow. Defendant shall self-surrender on June 26, 2024, to the United States Marshal Service at 200 N. Travis Street, Chase Bank Building, Mezzanine Level, Sherman, Texas 75090.

**SIGNED this 4th day of June, 2024.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE